IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CHANGGEN MIN

    Plaintiff,

v.

BEI BEI EXPRESS INC.,
RUIYING WANG,
EN CHEN, and
John Does #1-10,

    Defendants,

Civil Action No. _____

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff CHANGGEN MIN ("CHANGGEN"), by its attorneys, complain against Defendants as follows:

### PARTIES

1. Plaintiff CHANGGEN MIN is a citizen and resident of the People's Republic of China.

2. On information and belief, Defendant BEI BEI EXPRESS INC ("BEI BEI") is a domestic business corporation in the State of New York with its principal place of business located in Flushing, Queens, New York.

3. On information and belief, defendant Ruiying Wang is a resident of the state of New York.

4. On information and belief, defendant En Chen is a resident of the state of

Delaware.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this District because one or more defendants are residents in this Judicial District, and a substantial part of the events giving rise to this matter occurred in this Judicial District.

## FACTUAL ALLEGATIONS

7. Plaintiff distributes and sells a variety of electronic products and equipment.

8. Upon information and belief, Defendant Ruiying Wang operated Bei Bei as a commercial packaging, shipping, and forwarding company, primarily shipping products overseas.

9. In and about July 2022 through in and about April 2023, Plaintiff purchased Apple brand electronic equipment directly from Apple ("Apple Products"). During that time, Plaintiff entered into written agreements (the "Agreement") with Defendants. Pursuant to the Agreement, Plaintiff agreed to pay Defendants in exchange for Defendants to receive shipment of the Apple Products at Defendants' warehouses in Flushing, Queens, New York, and Wilmington, Delaware, bulk package them, and ship them to Plaintiff in Hong Kong, China. The Agreement is a binding legal instrument and contract that creates mandatory obligations on the part of each party in favor of the other. In addition to its express terms, the Agreement implied a covenant of good faith and fair dealing.

10. During that time period, Plaintiff sent hundreds of packages to Defendants' warehouses in New York and Delaware.

11. On or about April 18, 2023, Plaintiff sent a number of packages, containing approximately 523 Apple Products, valued at approximately $561,968 to Defendant's Wilmington, Delaware warehouse.

12. On or about April 19, 2023, Defendants confirmed receipt of the Apple Products indicating that "there are too many goods, we will count them tomorrow."

13. On or about April 20, 2023, Defendant En Chen informed Plaintiff that an employee had stolen the April 18th shipment of Apple Products. Defendant En Chen was unwilling to resolve the issue, refused to provide any information about the purported employee, and adamantly refused to assist in reporting the incident to the police.

14. An inspection of the Defendants' Wilmington warehouse on April 20, 2023 found it locked and inaccessible.

15. On or about April 21, 2023, a locksmith entered the Defendants' Wilmington warehouse and observed only empty boxes – the April 18th Apple Product shipment was missing.

16. On April 22, 2023, Plaintiff observed the employee, who was allegedly responsible for the theft of the Apple Products, returning to the Defendants' Wilmington warehouse. This employee was seen returning keys and facilitating the termination of the lease on behalf of the Defendants, which is inconsistent with the actions of someone who had purportedly stolen valuable property.

17. In the following week, Defendant En Chen repeatedly refused to cooperate with Plaintiffs.

18. Plaintiff's April 18th Apple Products shipment was never delivered to Plaintiff in China.

## CAUSE OF ACTION

### COUNT I – BREACH OF CONTRACT

19. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

20. Plaintiff and Defendants are parties to the Agreement, which is valid and enforceable.

21. Plaintiff performed all its obligations under the Agreement.

22. Defendants have breached their obligations under the Agreement by, among other things: (i) failing and refusing to properly ship the Apple Products; (ii) stealing the Apple Products in violation of the covenant of good faith and fair dealing; (iii) receiving funds in exchange for the illegal sale of the Apple Products in violation of the covenant of good faith and fair dealing; (iv) failing to return the Apple Products to Plaintiff in violation of the covenant of good faith and fair dealing; and (v) failing to transfer to Plaintiff any and all funds obtained by Defendants from the theft and illegal sale of the Apple Products in violation of the covenant of good faith and fair dealing.

23. Additionally, between the time of Defendants' breach and the filing of this action, Plaintiff has expended substantial time and money to mitigate the harm caused by Defendants' breach and to resolve the parties' conflict, all to Plaintiff's further damage.

24. As a result of Defendants' breaches of the Agreement, Plaintiff has been damaged in an amount to be proven at trial of approximately $561,968 plus costs, interest, and attorney's fees.

### COUNT II – CONVERSION AND TRESPASS TO CHATTEL

25. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1

through 24 above as if fully set forth herein.

26. Plaintiff had legal ownership and right to possession of all Apple Products.

27. The Defendants were given temporary possession of the Apple Products for the purposes of repackaging and shipping.

28. Defendants converted their temporary possession and permanently deprived Plaintiffs of the Apple Products.

29. In converting the Apple Products to their own use, Defendants have intentionally interfered with Plaintiffs' property, depriving Plaintiff of possession and ability to sell. Defendants' illegal action cost Plaintiff the full value of the property.

30. Defendants have not transferred the proceeds of their illegal theft of the converted property to Plaintiff.

31. As an actual and proximate result of Defendants' conversion, Plaintiff has been deprived of his property rights and suffered monetary and non-monetary damages of approximately $561,968 plus costs, interest, and attorney's fees.

32. Additionally, between the time of Defendants' conversion of the Apple Products and the filing of this action, Plaintiff expended substantial time and money in pursuit of the converted property, all to Plaintiff's further damage.

## COUNT III – UNJUST ENRICHMENT

33. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants' failure to return the Apple Products to Plaintiff allows for Defendants to unjustly collect revenue from a sale in violation of the parties' Agreement, and/or the product of Defendants' conversion and trespass to chattels.

5

35. Defendants have thus received a substantial benefit that would be unconscionable for it to retain, especially given that Plaintiff has been directly harmed by Defendants' actions.

36. Defendants' unjust enrichment has come at the expense and to the detriment of Plaintiff, and Defendants should be required to make restitution to Plaintiff.

## COUNT IV - FRAUD

37. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 35 above as if fully set forth herein.

38. As a result of Defendants' deception and Plaintiffs' justified reliance on Defendants' statements, Plaintiff suffered damages and will incur additional damages, in an amount to be determined at trial.

## COUNT V – UNFAIR AND DECEPTIVE TRADE PRACTICE
### (NYC Admin Code Section 20-700)

39. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

40. Defendants' actions, as described above, constitute unfair or deceptive acts or practices in the conduct of trade or commerce in violation of New York City Administrative Code Section 20-700.

41. As a direct and proximate result Defendants' violation of New York City Administrative Code Section 20-700, Plaintiff has been damaged in an amount to be proven at trial and it entitled to an award of his reasonable attorney's fees.

42. Defendants' actions were willful or knowing violations of New York City Administrative Code Section 20-700, entitling Plaintiff to an award of at least two, and up to three, times his actual damages.

## COUNT VI – UNFAIR AND DECEPTIVE TRADE PRACTICE
### (N.Y. Gen. Bus. Law Section 349)

43. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

44. Defendants' actions, as described above, constitute unfair or deceptive acts or practices in the conduct of trade or commerce in violation of N.Y. Gen. Bus. Law Section 349.

45. As a direct and proximate result Defendants' violation of N.Y. Gen. Bus. Law Section 349, Plaintiff has been damaged in an amount to be proven at trial and it entitled to an award of his reasonable attorney's fees.

46. Defendants' actions were willful or knowing violations of N.Y. Gen. Bus. Law Section 349, entitling Plaintiff to an award of at least two, and up to three, times his actual damages.

## COUNT VII – UNFAIR AND DECEPTIVE TRADE PRACTICE
### (6 DE CODE SECTION 2532)

47. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants' actions, as described above, constitute unfair or deceptive acts or practices in the conduct of trade or commerce in violation of 6 DE Code, Section 2532.

49. As a direct and proximate result Defendants' violation of 6 DE Code, Section 2532, Plaintiff has been damaged in an amount to be proven at trial and it entitled to an award of his reasonable attorney's fees.

50. Defendants' actions were willful or knowing violations of 6 DE Code, Section 2532, entitling Plaintiff to an award of at least two, and up to three, times his actual damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief**:**

A. Award judgment to Plaintiff against Defendants under Counts I through VII;

B. Award monetary damages against Defendants in an amount to be determined at trial, but no less than $561,968;

C. Award restitution for the Defendants' unjust enrichment;

D. Award enhanced compensatory damages and attorney's fees due to the Defendants' malice and bad faith;

E. Award all costs and expenses to which Plaintiff is entitled, including reasonable attorneys' fees;

F. Award treble damages, as a result of Defendants knowing or willful violation of N.Y. Gen. Bus. Law Section 349;

G. Award treble damages, as a result of Defendants knowing or willful violation of 6 DE Code, Section 2532;

H. Award pre-judgment and post-judgment interest; and

I. Grant such other further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

                                      Respectfully submitted,

                                      CHANGGEN MIN,

                                      By his attorneys,

Dated:  September 6, 2023            */s/ Peter Katz*

                                      Peter Katz, Esq. (PK3289)
                                      **LAW OFFICES OF PETER KATZ, LLC**
                                      116 Village Boulevard, 2nd Floor
                                      Princeton, NJ 08540
                                      Tel: (609) 734-4380
                                      peter@pkatzlegal.com

                                      */s/ Henry Li*

                                      Henry (Yongyuan) Li (Cal. Bar No.348954)
                                      *Pro hac vice admission pending*
                                      **YK LAW LLP**
                                      445 S. Figueroa Street, Suite 2280
                                      Los Angeles, CA 91104
                                      Tel: (213) 817-7552
                                      hli@yklaw.us

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4th, 2023, a Shenzhen, China.

_____
Changgen Min