UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHANGGEN MIN,

               Plaintiff,

         v.

BEI BEI EXPRESS INC., RUIYING WANG, EN CHEN, and JOHN DOES 1–10,

               Defendants.

**MEMORANDUM & ORDER**
23-CV-06639 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff has asserted contract and tort claims against all three Defendants in this case. Two of the Defendants have appeared, but Defendant En Chen has not. The Clerk of Court has entered a certificate of default against Chen, *see* ECF No. 15, and Plaintiff has moved for a default judgment against Chen only, *see* ECF No. 22. For the reasons set forth below, the Court denies Plaintiff's motion. Plaintiff may, on or before February 5, 2024, either file a new motion for a default judgment against Chen or file an amended complaint making additional factual allegations regarding Chen. If Plaintiff fails to do so, the Court will likely dismiss Plaintiff's claims against Chen either on the merits or for failure to prosecute pursuant to Rule 41(b).

## BACKGROUND

      Plaintiff distributes and sells electronic products. ECF No. 1 ¶ 7. Plaintiff alleges that Defendant Wang operated Defendant Bei Bei "as a commercial packaging, shipping, and forwarding company." *Id.* ¶ 8. Plaintiff alleges that he "entered into written agreements with Defendants," pursuant to which Defendants would ship Apple products from their warehouses in Queens County and Wilmington, Delaware to Plaintiff in China. *Id.* ¶ 9. Plaintiff's complaint does not state whether Chen was, like Defendant Wang, an owner of Bei Bei or what Chen's role

at the company was.  ECF No. 1.  On the other hand, Plaintiff's memorandum of law in support of his motion for a default judgment asserts, "[u]pon information and belief," that Chen "operated the warehouse located in Wilmington, Delaware."  ECF No. 22-1 at 2.  Plaintiff has not provided, with either his complaint or his default judgment motion, a copy of the agreements related to Plaintiff's relationship with Bei Bei, and Plaintiff has not expressly alleged that Chen was even a party to the agreements.  ECF No. 1.

Plaintiff alleges that Defendants were supposed to ship him Apple products worth "approximately $561,968."  ECF No. 1 ¶ 11.  Chen told Plaintiff that "an employee" had stolen the products from Bei Bei's warehouse, and Chen allegedly "was unwilling to resolve the issue, refused to provide any information about the purported employee, and adamantly refused to assist in reporting the incident to the police."  *Id.* ¶ 13.  When Plaintiff called Chen to discuss the theft "the following week," "Chen repeatedly refused to cooperate with Plaintiff[]."  *Id.* ¶ 17.  Based on these events, Plaintiff has asserted against all Defendants claims for breach of contract, conversion, unjust enrichment, and fraud.  *Id.* ¶¶ 19–38.  He has also asserted statutory claims for deceptive trade practices under the laws of New York State, New York City, and Delaware.  *Id.* ¶¶ 39–50.

The Clerk of Court entered a certificate of default against Chen, but the remaining Defendants have appeared and are in the process of commencing discovery.  ECF No. 15.  Plaintiff has therefore moved for a default judgment against Chen only.  ECF No. 22.  Plaintiff's motion is supported only by a memorandum of law and declaration provided by Plaintiff's attorney without any accompanying declaration by Plaintiff.  ECF Nos. 22-1, 22-2.

## LEGAL STANDARD

The Clerk of Court's "decision to enter a default against [D]efendant[] does not by definition entitle [P]laintiff[] to an entry of a default judgment. Rather, the [C]ourt may, on [P]laintiff['s] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).[1] When deciding a default judgment motion, the Court must accept as true all of the allegations in Plaintiff's complaint related to liability. *Id.* at 188. Defendant's default, however, "is not considered an admission of damages." *Id.* at 189. Instead, Plaintiff must demonstrate that there is "an evidentiary basis for the damages sought." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Although Rule 55 says that the Court "may conduct hearings" to decide the issue of damages, *see* Fed. R. Civ. P. 55(b)(2), the rule "does not require the district judge to conduct a hearing." *Bricklayers*, 779 F.3d at 189. The decision to conduct a hearing is left "to the sound discretion of the district court." *Cement & Concrete Workers*, 699 F.3d at 233. In this case, Plaintiff's papers are sufficient to decide the motion.

## DISCUSSION

Plaintiff's default judgment motion mentions only "Defendant's breach of contract" and does not state whether Plaintiff is seeking a default judgment against Chen on Plaintiff's tort or statutory claims. ECF No. 22 at 2. Nor has Plaintiff attempted to explain in his memorandum of law how the allegations in Plaintiff's complaint satisfy the legal requirements for Plaintiff's tort

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

and statutory claims.  ECF No. 22-1.  Accordingly, the Court interprets Plaintiff's motion as seeking a default judgment against Chen only on Plaintiff's breach of contract claim.

Plaintiff's default judgment motion is wholly inadequate.  As stated above, Chen's default "is not considered an admission of damages." *Bricklayers*, 779 F.3d at 189.  Chen is, therefore, not deemed to have admitted the allegation in Plaintiff's complaint that his lost property was worth "approximately $561,968."  ECF No. 1 ¶ 11.  Since Plaintiff has not provided his own declaration or any evidence corroborating this value, the Court cannot enter a default judgment in that amount.  Plaintiff's attorney has not even asserted that he has personal knowledge of the value of the goods that Plaintiff hired Defendants to ship.  ECF No. 22-2.

Even if the Court could determine the damages that flowed from Defendants' alleged breach of contract, Plaintiff still would not be entitled to a default judgment against Chen. Plaintiff has neither provided the contracts at issue nor adequately alleged that Chen was a party to those contracts.  Instead, Plaintiff has made the vague assertion that he "entered into written agreements with Defendants."  ECF No. 1 ¶ 9.  That allegation is not a sufficient basis for the Court to grant a default judgment motion against a specific Defendant because Plaintiff's allegations make it "impossible to determine the scope of" any particular Defendant's liability. *See Romualdo v. Guru Krupa 104 Corp.*, No. 19-cv-5188, 2023 WL 6167614, at *1 (E.D.N.Y. Sept. 1, 2023) (Bulsara, M.J.) (recommending that motion for default judgment be denied because plaintiff's complaint "broadly group[ed] all parties together under the common rubric of Defendants" without differentiating between their respective roles).[2]

---

[2]  The report and recommendation issued in *Romualdo* was never adopted because the plaintiff voluntarily dismissed his claims after receiving it. *Romualdo v. Guru Krupa 104 Corp.*, No. 19-cv-5188 (E.D.N.Y. filed Sept. 19, 2023) (ECF No. 53).

4

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's motion for a default judgment against Defendant En Chen.  ECF No. 22.  Plaintiff may, on or before February 5, 2024, either file a new motion for a default judgment against Chen or file an amended complaint making additional factual allegations regarding Chen.  If Plaintiff fails to do so, the Court will likely dismiss Plaintiff's claims against Chen either on the merits or for failure to prosecute pursuant to Rule 41(b).

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
         January 5, 2024